**APACHE CORPORATION and BP Exploration, Appellees,**

**v.**

**STATE of Oklahoma, ex rel. COMMISSIONERS OF the LAND OFFICE, Appellant.**

**No. 77242.**

Court of Appeals of Oklahoma, Division No. 1.

May 26, 1992.

Certiorari Denied Jan. 12, 1993.

Appeal from the District Court of Roger Mills County; Charles L. Goodwin, Judge.

Perry E. Kaufman, Paul DeGraffenreid, Oklahoma City, for appellant.

Lance Stockwell, Frank Spielberg, Boesche, McDermott & Eskridge, Tulsa,

John C. Moricoli, Jr., Leslie G. Christensen, Moricoli, Wilson, Harris, Cottingham & Hurst, Oklahoma City, for appellees.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant State of Oklahoma, ex rel. Commissioners of the Land Office (CLO) seeks review of the Trial Court's order granting attorney fees to Appellees Apache Corporation and BP Exploration (collectively Apache/BP) in Apache/BP's quiet title action. Herein, CLO asserts (1) State's immunity from an award of fees when acting in its sovereign capacity, and (2) "reasonable cause" for State's assertions, on account of which fees are not recoverable.[1]

Apache/BP leased certain mineral estate administered by CLO. The lease provided for extension thereof into secondary terms "as to the producing formation or formations as long as production in paying quantities continues." Apache/BP participated in the drilling of a well within the covered acreage. The well encountered two productive zones within the Upper Morrow formation, the Bradstreet zone and the McCaskill zone, and began production from the Bradstreet zone.

Two years later, the operator proposed drilling of an increased density well in the same area. At that time CLO asserted (in effect) that the lease had expired as to all zones and formations except as to the producing Bradstreet zone of the Upper Morrow. Apache/BP disagreed, asserting that production from the Bradstreet zone propelled the lease as to all zones within the

Upper Morrow formation into the secondary term.

Apache/BP then commenced the instant quiet title/declaratory judgment action after CLO placed the lease (exclusive of the Bradstreet zone) up for bid. After consideration of expert evidence presented by both CLO and Apache/BP,[2] the Trial Court ruled that the Upper Morrow formation had a definable upper and lower boundary recognized in the industry, and notwithstanding composition of the Upper Morrow by two (or more) distinct "sands" or zones, determined that the term "formation" as commonly understood and used in the subject lease, applied to the entire Upper Morrow formation. The Trial Court thus held Apache/BP's lease as to the entire Upper Morrow formation, including both the Bradstreet and McCaskill zones, held by production, and quieted title thereto in Apache/BP.

Apache/BP then moved to assess attorney fees against CLO under 12 O.S. § 1141.[3] CLO objected, asserting "reasonable cause" under § 1141 for assertion of expiration of the lease as to non-producing horizons, and immunity of the State from liability for attorney fees under the Oklahoma Governmental Tort Claims Act (OGTCA)[4] and sovereign immunity. After consideration of argument and briefs, the Trial Court found the OGTCA inapplicable, and granted Apache/BP attorney fees and costs in a combined sum exceeding $82,-000.00. CLO now appeals.

 While we agree with the Trial Court as to the non-applicability of the OGTCA to this contract/quiet title action,

---

1. Oklahoma statute provides in pertinent part:
 An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to the person bringing the action for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession. ....
 If a written request for the correction of a title defect has been refused without reasonable cause and an action is brought pursuant

to the provisions of this section, the court may award reasonable attorneys fees to the prevailing party.
12 O.S.Supp.1983 § 1141.

2. The record does not include a transcript of evidence adduced at trial.

3. See, footnote 1.

4. 51 O.S.Supp.1990 § 151 et seq.

we disagree with the Trial Court on the issue of attorney fees for several reasons. First, CLO is the Trustee of lands granted by Congress in the State's Enabling Act and owes a fiduciary duty to the educational beneficiaries thereof;[5] we believe the CLO would therefore be remiss in failing to maximize the economic return on the State's leased mineral interests, and it appears that CLO acted at all times in good faith and in furtherance of its trust responsibilities in the advocacy of its position herein. Second, it was only after a lengthy trial and extensive expert testimony could the Trial Court reach a conclusion on the meaning of the term "formation" for purposes of construing the contract terms, and the fact that the Trial Court ultimately ruled against CLO does not mean that CLO had no "reasonable cause" for assertion of its position; in fact, Apache/BP conceded in their brief in support of motion to assess attorney fees that "what is a 'formation' [as used in the lease] is a complex fact issue." Lastly, the Trial Court recognized in ruling on the merits that the Bradstreet zone and McCaskill zone are separated by a shale bed, have dramatically different internal pressures, and are not otherwise in communication. By such findings, the Tri-

al Court recognized some evidence, in our view, *reasonably* tending to support the CLO position that the Bradstreet and McCaskill each constituted a separate "formation" with definite and determinable boundaries. We therefore find a *reasonable* dispute, equivalent to *reasonable cause* under § 1141, over the term "formation" as used in the lease, and hold that prevailing party attorney fees are not recoverable under § 1141 under the facts and circumstances of the present case.

The order of the Trial Court awarding Apache/BP prevailing party attorney fees and costs is therefore REVERSED.

GARRETT, P.J., and ADAMS, J., concur.

---

**5.** Art. VI, § 32, Okl. Const.; Art. XI, § 1, Okl. Const. See also, *OEA v. Nigh*, 642 P.2d 230 (Okl.1982).